# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| STEPHEN J. TURCHAN, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 2:07-CV-0435 |
| v. : | |
| : | Judge Algenon L. Marbley |
| EQUITY FOR LIFE, LLC, ET AL., : | |
| : | Magistrate Judge Kemp |
| Defendants. : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant Equity for Life, LLC's ("Equity for Life") Motion for Summary Judgment (Doc. 40). For the reasons set forth below, this Court **DENIES** Equity for Life's Motion for Summary Judgment.

### II. BACKGROUND

#### A. FACTUAL BACKGROUND

Plaintiff Steven J. Turchan ("Turchan") is a citizen of the State of Ohio. Equity for Life is a Massachusetts corporation headquartered in Wilbraham, Massachusetts. Defendant Joseph Garrity ("Garrity") is a citizen of the State of Florida.

In 2005 Garrity contacted Turchan to sell him a life insurance policy (the "Policy") issued by a company known as Fidelity & Guaranty Life Insurance Company. Garrity held himself out as a representative of Equity for Life. Garrity informed Turchan that he could use the return on his Policy to refinance his mortgage. Turchan then purchased the Policy and refinanced his 6.125% fixed rate of interest home mortgage into two mortgages, each with an interest rate of over 8%. Some of the proceeds Turchan received from refinancing his home

mortgage were used to pay for the Policy.

In 2006, Turchan began contacting Garrity to make Garrity aware of his dissatisfaction with the Policy and his mortgage refinancing. Turchan sent numerous letters to Garrity detailing his damages. Garrity forwarded one of these letters to Scott Bergman, President of Equity for Life. Mr. Bergman contacted Turchan and arranged for the Policy to be cancelled and refunded.

Subsequent to the cancellation of the Policy, Turchan sought to receive reimbursement for funds paid because of his mortgage refinancing. Equity for Life informed Turchan that these funds were unrelated to the Policy and advised Turchan to seek reimbursement from Garrity. Turchan then contacted Garrity to seek reimbursement of funds paid as a result of the mortgage refinancing. Turchan received no response from Garrity.

## B. PROCEDURAL BACKGROUND

On May 16, 2007, Turchan initiated the current action in this Court. Turchan brought six counts against Equity for Life and Garrity alleging: (1) negligence; (2) promissory estoppel; (3) breach of fiduciary duty; (4) negligent supervision; (5) misrepresentation; and (6) respondeat superior. On March 9, 2009, Equity for Life filed a Motion for Summary Judgment, arguing that Turchan did not meet the amount in controversy requirement for diversity jurisdiction such that this court lacked jurisdiction over Turchan's claim.

## III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) . But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the court must construe the evidence in the light

most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant therefore has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). But the non-moving party "may not rely merely on allegations or denials in its own pleading." Fed. R. Civ. P.56(e)(2); *see Celotex*, 477 U.S. at 324; *Search v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## IV. LAW AND ANALYSIS

Equity for Life asserts that it is entitled to summary judgment because Turchan has failed to satisfy the minimum amount in controversy required for this Court to assert diversity jurisdiction.

As set forth by statute "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between...citizens of different States...." 28 U.S.C. §§ 1332(a); 1332(a)(1). To defeat diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) ("[L]ack of the jurisdictional amount from the outset--although not recognized until later--is not a subsequent change that can be ignored." (quoting 1 Moore's Federal Practice P 0.92 (2d ed.

1993))).

Courts determine the amount in controversy based on the face of the complaint. *Compass Group USA, Inc. V. Eaton Rapids Pub. School*, No. 09-1033, 2009 at *4, U.S. App. LEXIS 22657 (6th Cir. 2009) (stating that the court "may aggregate [the plaintiff's] tort and contract claims"). At the summary judgment stage in litigation,"the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,'...which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citing Fed. Rule Civ. Proc. 56(e); *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 115 n. 31 (1979)). "A single plaintiff is allowed to aggregate all of his or her claims against a single defendant for the purposes of calculating the amount in controversy." *Lemmon v. Cedar Point, Inc.*, 406 F.2d 94, 96 (6th Cir. 1969). In cases involving multiple defendants, the claims against the different defendants may not be added together to reach the required amount in controversy. *Ayers v. Taylor*, No. 4:94:CV:173, 1995 U.S. Dist. LEXIS 17198 at *7 (W.D. Mich. Sept. 21, 1995)

The Sixth Circuit has stated that in determining jurisdiction courts must "take into account the ability of Plainitff...to recover punitive damages, 'unless it is apparent to a legal certainty that [punitive damages] can not be recovered." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citations omitted)). Under Ohio law, punitive damages are not available for a breach of contract claim. *DeCastro v. Wellston City School Dist. Bd. of Ed.*, 94 Ohio St.3d 197, 2002 Ohio 478, 761 N.E.2d 612 (2002). Where a plaintiff has been injured by fraudulent inducements or misrepresentations, however, punitive damages may be recovered in

tort. *Curran v. Vincent*, No. C-060521 (1st Dist. unreported), 2007 Ohio 3680, 2007 Ohio App. LEXIS 3360, 2007 WL 2069947 at *3 (Ohio App. July 20, 2007) [*9] (citing *Roberts v. Mason*, 10 Ohio St. 277, syllabus (1859)); *see also Rafferty v. S. Lee Corp.*, No. 2:07-cv-649, 2007 U.S. Dist. LEXIS 86860, *9 ("[E]xemplary damages are available in tort even if the case incidentally involves a contract.") The Supreme Court has thus refused to rely on a mathematical formula in calculating punitive damages. *See BMW of N. Am. v. Gore*, 517 U.S. 559, 583 (1996) ("A general concer[n] of reasonableness properly enter[s] into the constitutional calculous...[w]hen the ration is a breathtaking 500 to 1, however, the award must surely 'raise a suspicious eyebrow.'").

The Sixth Circuit has also determined that "[a]s a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Willaimson v. Aetna Life Ins. Co.*, 481 F. 3d 369, 371 (6th Cir. 2007); *see also Clark v. Nat. Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met."). Therefore, in determining the amount in controversy, courts include actual and punitive, if available, but exclude attorneys' fees.

In this case, Turchan has brought claims against Equity for Life for: (1) negligence; (2) promissory estoppel; (3) breach of fiduciary duty; (4) negligent supervision; and (5) respondeat superior. Turchan has specifically pled punitive damages in his breach of fiduciary duty claim. Turchan has brought claims against Garrity for: (1) negligence; (2) promissory estoppel; (3) breach of fiduciary duty; (4) negligent supervision; and (5) misrepresentation. Turchan's claim

for respondeat superior is alleged only against Equity for Life; and Turchan's claim for misrepresentation is alleged only against Garrity. Turchan has specifically pled punitive damages in his misrepresentation claim.

Equity for Life argues that there was never any direct contact between itself and Turchan which would show a direct fiduciary relationship, such that Turchan's breach of fiduciary duty claim is not properly asserted against Equity for Life. If the claim is not properly asserted against Equity for Life, then it follows that Equity for Life can not be liable for punitive damages under that count. In this case, Equity for Life argues that its relationship with Garrity was that of teacher and student. Turchan contends that Garrity held himself out as a representative for Equity for Life and that Garrity had either actual or apparent authority to bind Equity for Life in insurance matters. Whether either Equity for Life, or any of its agents, had a fiduciary relationship with Turchan is a genuine issue of material fact which is disputed. It would be inappropriate for this Court to grant summary judgment on that ground.

In his Complaint, Turchan stated that the amount in controversy in this matter exceeds $75,000. (Turch. Compl. Doc. 2 p. 2 ¶ 4.) Turchan also attested that the amount in controversy in this matter exceeds $75,000 in a sworn affidavit. (See Turch. Resp. to Mot. for Summ Judg. Doc. 47 Ex. A p. 2.) In response to interrogatories served upon him by Equity for Life, Turchan has stated that his damages amount to $24,068.16. (Equity for Life Mot. For Summ. Judg. Doc. 40 Ex. H p. 2.)[1] Because Turchan pled breach of fiduciary duty against Equity for Life, and

---

[1] This Court notes that some of the exhibits filed with Equity for Life's Motion for Summary Judgment are documents discussing the resolution of this matter. See Equity for Life Mot. For Summ. Judg. Doc. 40 Exs. E, F). Under Federal Rule of Evidence 408, these documents can not be considered as evidence in this matter.

because such claims make punitive damages available, the amount in controversy is more than $24,068.16. A punitive damages award well within the constitutional guidelines outlined by the Supreme Court would meet the amount in controversy requirement for diversity jurisdiction. Therefore, this Court holds that Turchan has met the requirements for diversity jurisdiction.

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** Equity for Life's Motion for Summary Judgment.

**IT IS SO ORDERED.**

                                        **s/Algenon L. Marbley**
                                        **ALGENON L. MARBLEY**
                                        **United States District Court Judge**

**DATED: December 1, 2009**